**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OTIS CARR, AKA Anthony George Brown, AKA Chris Carr, AKA Otis George Carr, AKA Anthony Powell, | Nos. 18-72667 19-71607 |
| Petitioner, | Agency No. A038-995-631 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 7, 2021
Seattle, Washington

Before: CLIFTON and IKUTA, Circuit Judges, and CALDWELL,[**] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Karen K. Caldwell, United States District Judge for
the Eastern District of Kentucky, sitting by designation.

Otis Carr, a native and citizen of Jamaica, seeks review of the decisions of the Board of Immigration Appeals (BIA) denying his motion to reopen the removal proceedings in Georgia immigration court and denying his motion to terminate the removal proceedings in California immigration court. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions for review.

Even if we assume immigration law precludes concurrent proceedings, the Notice to Appear (NTA) that initiated the California proceedings on December 15, 2017 (which resulted in the current removal order under review) was filed after the termination of the New York proceedings and after the Georgia proceedings were final. *See* 8 C.F.R. § 1003.14. Therefore, the BIA did not err in dismissing Carr's appeal of the California immigration court's denial of his motion to terminate the removal proceedings.

Because the New York proceedings were properly terminated,[1] we reject Carr's argument that he is still entitled to seek relief under § 212(c) of the Immigration and Nationality Act due to the pendency of New York proceedings that had commenced before the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA)'s effective date. *Cf. Pascua v. Holder*, 641

---

[1]The record does not show that Carr opposed the government's motion to terminate the New York Proceedings.

F.3d 316, 318–19 (9th Cir. 2011) (holding that while IIRIRA repealed § 212(c), relief under this provision is available in deportation proceedings that commenced before IIRIRA's effective date). Neither the New York proceedings nor the Georgia proceedings had any effect on the second California proceedings which were initiated by the filing of a new NTA based on the independent ground that in 2017, he was "an alien present in the United States who has not been admitted or paroled." Carr did not challenge the NTA's charges of removability before the BIA.

Before the BIA, Carr did not dispute that his motion to reopen proceedings in the Georgia immigration court was untimely. Nor did he argue that the untimeliness should be excused under equitable tolling or equitable estoppel principles. Therefore, to the extent Carr now argues that his untimeliness should be excused, we do not have jurisdiction to review this unexhausted claim on appeal. 8 U.S.C. § 1252(d)(1); *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004).

In declining to sua sponte reopen the Georgia proceedings, the BIA did not reach a legal conclusion on whether the Georgia immigration court properly maintained jurisdiction to adjudicate the 2012-2013 removal proceedings. Instead, the BIA concluded that regardless of its merits, Carr's jurisdictional argument did

3

not constitute an exceptional situation that would warrant a sua sponte reopening. Because the BIA's order did not contain a legal or constitutional error plain on its face, we lack jurisdiction to review its decision. *See Lona v. Barr*, 958 F.3d 1225, 1232, 1234 (9th Cir. 2020).[2]

**PETITION DENIED.**

---

[2]We therefore deny as moot the government's request for a venue transfer.